

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KATHERINE MACFARLANE**
phone: (212) 788-1001
fax: (212) 788-9776
email: kmacfarl@law.nyc.gov

November 21, 2012

**By ECF**
Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>Luis Zamudio v. The City of New York, et al.</u>, 12-cv-3859-ENV-JO

Your Honor:

   I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing the defendants in this action. I write in response to plaintiff's November 20, 2012 letter requesting a protective order that does not include an Attorneys' Eyes Only designation for certain information produced by defendants. Plaintiff's request should be denied for the reasons explained below.

   ***First, the category of information defendants submit should be subject to an Attorneys' Eyes Only designation is much narrower in scope than what plaintiff describes.*** Defendants only seek to protect the identify of the eyewitness to the shooting at issue in this action, along with any details that would reveal his identity. At this point in time, the Attorneys' Eyes Only designation defendants seek would apply to the eyewitness's name and address.

   Defendants have already produced a substantial volume of documents that plaintiff may access, including the arrest report, criminal complaint, criminal court records, as well as his DOC inmate file and Omniform arrest records. The name of the shooting victim is included in those records. On November 20, 2012, following the initial conference at which counsel agreed to treat the name of the eyewitness to the shooting as For Attorneys' Eyes Only, counsel was also provided with 31 pages of Detective Perry's investigatory paperwork. The bulk of the information contained therein, save for the eyewitness's name and address, can be shared with plaintiff, including the shooting location, time, the identity of the shooting victim, and the

Honorable Orenstein
Zamudio v. NYC
Page 2

number of witnesses interviewed.  The eyewitness's name appears only three times throughout Detective Perry's paperwork.  The first mention appears in a summary of the investigation.

***Second, the limitation defendants propose will not limit plaintiff's ability to prosecute this matter.***  His counsel can use the information produced to counsel to locate the eyewitness, and to interview the eyewitness, if the witness is willing.  The eyewitness can also be subpoenaed by counsel for a deposition.[1]

***Third, plaintiff's authority does not support his position.***  The only authority cited by plaintiff is a case in which a court *did* impose an Attorneys' Eyes Only protective order to limit the plaintiff's access to the names of witnesses to a shooting.  This case also merits a similar designation.  Here, plaintiff was arrested, following an eyewitness's identification, due to his alleged role in a shooting in which an individual was shot in the back.  As a result, plaintiff was charged with, inter alia, attempted murder.  In addition, it is defendants' understanding that plaintiff's criminal prosecution ended because the shooting victim himself was afraid to testify against plaintiff.  The risk posed by providing plaintiff with access to the name of the person who identified him in 2009, the same eyewitness whose testimony may also defeat his present case, could result in further violence.  Even if this risk is slight, it is not outweighed by the minor inconvenience of designating only the eyewitness's identity and address, and nothing more, as For Attorneys' Eyes Only.  Given that his counsel can still investigate the eyewitness's personal knowledge and credibility, the burden on plaintiff is slight.

In the context of documents produced by law enforcement, a protective order identifying certain sensitive information as "For Attorneys' Eyes Only" permits production of sensitive information while simultaneously mitigating any danger that may result from the information's disclosure.  See, e.g., Yang Feng Zhao v. City of New York, 07 Civ. 3636 (LAK) (MHD), 2007 U.S. Dist. LEXIS 91049, at *11-12 (S.D.N.Y. Dec. 4, 2007).  Where law enforcement defendants "have a legitimate concern that even information . . . may be used by the plaintiff to piece together the identities of informants, that concern may be allayed by an 'attorney's eyes only' designation."  Id. at *14.  Attorneys' eyes only designations are "common provision[s] of confidentiality orders."  EEOC v. Sterling Jewelers, Inc., 08-CV-00706(A)(M), 2011 U.S. Dist. LEXIS 67318, at *13 (W.D.N.Y. June 23, 2011).  The dissemination of highly sensitive information may be limited by an attorneys' eyes only designation upon a showing of good cause.  Id.  As explained above, the risks posed by revealing this witness's identify provide defendants with the good cause for their Attorneys' Eyes Only request.

Finally, public policy supports keeping the eyewitness's identity For Attorneys' Eyes Only.  The eyewitness was not identified by name in the criminal complaint underlying

---

[1] Defendants do not know what to make of plaintiff's counsel's representation that his client already knows who the eyewitness is.  If this is the case, then defendants ask that plaintiff's counsel neither confirm nor deny to his client whether plaintiff's suspicions are correct.

Honorable Orenstein
Zamudio v. NYC
Page 3

plaintiff's prosecution, presumably to protect him. It sends a chilling message to those who are willing to report crimes that once the crime in question becomes the subject of a civil lawsuit, their identities will automatically be revealed to anyone, including the criminal defendant. There was reason to protect the eyewitness in the criminal proceedings, and those reasons still stand.

        I thank the Court for its time and consideration of this letter.

        Respectfully submitted,

        */s/ Katherine A. Macfarlane*

        Katherine Macfarlane

cc: **By ECF**
    Michael Litrownik
    *Attorneys for Plaintiff*